# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MARIO LEANOS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:13-CV-403 PS |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

In a prison disciplinary hearing, Mario Leanos was found guilty of aiding and abetting the unauthorized possession of a cell phone in violation of a prison rule. (DE 9-8.) Proceeding *pro se*, he now challenges that finding in the present habeas petition filed under 28 U.S.C. § 2254. (DE 1.) Leanos was originally charged with unauthorized possession of a cell phone – not aiding and abetting – and the charge was based on a conduct report prepared by Correctional Officer R. Thomas. (DE 9-1 at1.) Here's what the report says:

> On 03-05-2013 at approximately 1220 I Ofc Thomas was the phase 2 yard officer when I was called on radio by Sgt Knauff to break up the group of NHU offenders talking with the offenders from PHU. When I got over there I told the 3 offenders to come here so I could do frisk search. While searching offender Leanos, Mario # 157927 verified by his ID, I felt what I thought to be a cell phone. I told Offender Leanos to give me what ever is in his pocket underneath his jumpsuit. Offender Leanos stated there is nothing in my pocket. I then told Sgt Knauff I was going to NHU to strip search Offender Leanos. While walking to NHU through phase 2 yard from center walk Offender Leanos kept messing with that pocket I told Offender Leanos to stop, in which he complied. He then took another step I noticed an [sic] black object fall to the ground. I proceeded to NHU to strip search Offender Leanos no contraband was found. I stepped outside the unit and told Ofc Ruisi to watch that offender because I believed he had a cell phone but did not find it during strip search but that he had drop [sic] something in the yard and I was going to get it. When I got back to where Offender Leanos dropped the item I found a Samsung flip phone with battery pack and cell phone battery.

(DE 9-1 at 1.) Pictures of the phone were taken and included with the conduct report. (*Id.* at 2-3.)

On that same date, Sergeant B. Knauff provided the following witness statement:

> On 3-5-2013 at approximately 1220, I Sgt. Knauff called 286 on the radio to break up a group of offender standing on the walk. Officer Thomas, R. approached the offenders who were from NHU. They were waiting to talk to offenders from PHU. As officer Thomas approached offenders from PHU went on proper way back to there [sic] unit. Officer Tomas then did a pat search on the 3 offenders from NHU who were standing talking to PHU. At this time Officer Thomas started escorting offender Leanos, Mario #157927 back to NHU through the yard. Officer Thomas took offender Leanos to the unit for a strip search. At witch [sic] time he didn't find anything. Officer Thomas then came out of the unit and started searching the ground him [sic] and offender Leanos walked across. At this time he picked up a cell phone that offender Leanos drop[p]ed.

(DE 9-2.)

On March 11, 2013, Leanos was formally notified of the charge and given a copy of the conduct report. (DE 9-1 at 1; DE 9-3.) He pled not guilty, requested a lay advocate, requested inmates Steven Loy and John Matthews as witnesses, and requested review of the surveillance video. (DE 9-3.) The hearing officer reviewed the video prior to the hearing, but due to the angle of the camera, the incident could not be seen. (DE 9-6.)

On March 14, 2013, a hearing was held on the charge. (DE 9-8.) Leanos's two requested witnesses both appeared and made statements. (DE 9-4; DE 9-5.) Loy stated as follows:

> We was walking back from chow walking slow talking to P-dorm they was comin[g] out of chow. Ofc. Thomas ap[p]roached us (John Mathews Me Mario Leanos) and asked us what we were doing and started to shake down Mario Leanos. So I threw the cell phone behind me into the yard towards the volley ball court so I wouldn't get caught with it. After being searched by Ofc. Thomas he ordered me and Mathews back to N-dorm where we live. Later that day I found out Leanos was getting a conduct report for a cell phone found in the yard. I don[']t want Mario Leanos getting in trouble for a cell phone that was not his and didn[']t at no time have. That was my cell phone found on the yard by Ofc. Thomas. I was the one in possession of the phone at the time of this incident. And I take full responsibility for it.

(DE 9-4.) Matthews made the following statement:

> On 3/5/13 at approximately 12:30, I John Matthews #162466 was walking back to N-Dorm from the chow hall with both Offenders Mario Leanos and Steven Loy we were slowly walking as we were talking and interacting with fellow inmat[es] from P-Dorm as they were also coming out of the other chow hall[.] At this time we were app[r]oached and order[ed] to stop by Officer Thomas, he stated he would like to pat search each of us. Starting wit[h] Offender Leanos whom was ordered to turn around, while Officer Thomas was pat search [sic] Offender Leanos I observed Offender Steven Loy throw what I could see clearly was [a] cell phone behind him towards the voll[e]y ball court in the center of the offender recreation field. After pat searching Offender Leanos Officer Thomas th[en] performed the search upon myself, followed by Offender Steven Loy. Once Officer Thomas finished his pat search of myself and Steven Loy we were instructed to return to N-Dorm housing unit. Leaving Offender Leanos to speak with Officer Thomas. At no time during or immediately following, being pat searched and ordered back to my dorm did Officer Thomas find the ce[ll] phone I seen thrown by Offender Steven Loy.

(DE 9-5.)

In his defense, Leanos stated: "C/O Thomas and I do not get along. He talked smack to me and I talked smack to him. It's not my phone." (DE 9-8 at 1.) The hearing officer found the evidence more appropriately reflected the offense of aiding/abetting the unauthorized possession of a cell phone. (*Id.*) As modified, the hearing officer found Leanos guilty. (*Id.*) Among other sanctions, the hearing officer imposed a suspended sanction from another disciplinary offense, resulting in Leanos being demoted to a lower credit-earning class. (*Id*.) His administrative appeals were denied (DE 9-9 to 9-11), and he thereafter filed this petition.

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action.

3

*Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Leanos's petition is not a model of clarity, but it can be discerned that a number of his claims are based on violations of Indiana Department of Correction ("IDOC") policies. (DE 1 at 4-6.) However, even if he is correct that IDOC rules were violated, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Leanos's remaining allegations are various formulations of the same claim: that he should not have been found guilty because Loy and Matthews both said the phone belonged to Loy. (DE 1 at 4-6.) This can be read as an attack on the sufficiency of the evidence. In assessing the sufficiency of the evidence in the prison disciplinary context, the relevant standard is whether there is "some evidence" to support the guilty finding. *Hill*, 472 U.S. at 457. I will not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A guilty finding can be overturned for insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a

hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, there was evidence presented to the hearing officer that went both ways. On the one hand, two of Leanos's fellow offenders said that the phone belonged to Offender Loy. Loy claims to have tossed the phone to the location where it was later recovered. (DE 9-4). On the other hand, Officer Thomas reported that he felt an object inside Leanos's jumpsuit which he believed to be a cell phone; he saw Leanos fiddling with that area of his jumpsuit as he was taken to be strip-searched, and then saw a black object fall out of Leanos's clothing. The officer later recovered a cell phone from the area where he saw the object fall. (DE 9-1 at 1.) Sergeant Knauff submitted a statement corroborating Officer Thomas's account in various respects. (DE 9-2.)

Leanos essentially argues that he could not be found guilty because Loy and Matthews both said the phone belonged to Loy. (DE 1 at 5-6; DE 12; DE 13.) But as mentioned, there was evidence to the contrary. This was not a criminal prosecution, and the hearing officer was not required to prove Leanos's guilt beyond a reasonable doubt, nor was he required to credit his exculpatory evidence. Loy's and Matthews's accounts conflicted with Officer Thomas's in a number of respects, and weighing the relative credibility of the witnesses was the job of the hearing officer, not this court. *McPherson*, 188 F.3d at 786. Furthermore, even if Loy actually owned the phone, Leanos was found guilty of aiding/abetting the unauthorized possession of a cell phone. In sum, there is sufficient evidence in the record that Leanos was in possession of the phone on the date in question, either because it belonged to him or because he was holding it for Loy. *See Hill*, 472 U.S. at 457 (due process is satisfied as long as "the record is not so devoid of

evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statement constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). Accordingly, this claim is denied.

As a final matter, Leanos asserts in his traverse that his rights were violated when the charge was changed from possession of a cell phone (violation #B207) to aiding and abetting its possession (violation #B240/207) (DE 13 at 2.) A traverse is not the appropriate place to raise a new claim not contained in the petition. See RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Furthermore, before Leanos could present such a claim in this proceeding, he was required to exhaust it in the administrative review process. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002) (principles of exhaustion that apply to federal review of criminal convictions also apply to prison disciplinary proceedings). He did not do so, and instead argued in his administrative appeal that the phone did not belong to him. (DE 9-9.)

Assuming I could reach his claim on the merits, Leanos has not demonstrated an entitlement to habeas relief. In *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003), the Seventh Circuit considered and rejected a similar claim by an Indiana inmate. The petitioner in that case was charged with conspiracy and bribery in connection with an investigation revealing that he and two other inmates were smuggling tobacco into the facility. *Id.* at 909-10. Prior to the hearing, he was given a copy of the investigation report detailing the factual basis for the charges. *Id.* at 910. He was found guilty by a disciplinary board, but on appeal the reviewing authority determined that the facts more appropriately supported a finding that the petitioner had

committed "attempted trafficking." *Id.* The charge was modified accordingly. *Id.* The petitioner argued that the reviewing authority's action violated his due process rights because it did not provide him adequate notice of the charges and prevented him from mounting an appropriate defense. *Id.* The Seventh Circuit rejected this argument, relying on the fact that the petitioner had been given adequate notice through the investigation report. *Id.* The court concluded, "Because the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights." *Id.* at 911.

Similarly, here, Leanos was given a copy of the conduct report which detailed the factual basis for the charge, specifically, that he was accused of having a phone inside his jumpsuit on March 5, 2013. The conduct report gave him all the information he needed to defend against a charge that he was holding the phone for someone else; indeed, he did mount a defense by obtaining witness statements from Loy and Matthews, both of whom said the phone belonged to Loy and that he was the one who threw it in the yard. Leanos had the same interest in defending against the aiding/abetting charge and the possession charge given that both were B-level offenses. *See Northern*, 326 F.3d at 911 (no due process violation where original and modified charge were both A-level offenses). He has not provided any indication of how his defense would have been different if he had originally been charged with aiding/abetting, or how he was otherwise prejudiced by the modification. Therefore, he has not established a due process violation.

For these reasons, the petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: February 10, 2014.

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  United States District Court